IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **PAUL FINNEY, CHELSEA PELLMAN, & all others similarly situated,** | ) Case No.: \_\_\_3:08CV-383-S\_\_\_ )  ) **COMPLAINT** |
| **Plaintiffs,** | ) **COLLECTIVE ACTION** |
| vs. | ) **CLASS ACTION** |
| **THE FREE ENTERPRISE SYSTEM, INC. & SODREL TRUCK LINES, INC.,** | ) **JURY DEMAND** |
| **Defendants.** | ) |

NOW COME the Plaintiffs, Paul Finney and Chelsea Pellman, on behalf of themselves and all others similarly situated, by and through undersigned counsel, and state the following as their Complaint against The Free Enterprise System, Inc. and Sodrel Truck Lines, Inc., as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action against the defendants for legal relief to redress unlawful violations of the Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the collective action provision of the FLSA found at § 216(b), to remedy violations of the wage provisions of the FLSA by Defendants, including the failure to pay overtime compensation. Plaintiffs additionally file this action pursuant to the Kentucky Wages and Hours Act, KRS 337.010, *et seq.*, and seek certification of a class

action pursuant to the Kentucky Wages and Hours Law.  These violations have deprived the Plaintiffs, as well as others similarly situated to the Plaintiffs, of their lawful wages.

2. Other current and former employees of Defendants are also entitled to receive their proper hourly unpaid wage and/or overtime compensation for the reasons alleged in this Complaint.  The Plaintiffs are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated," 29 U.S.C. § 216(b), and for a class of employees denied proper wages under KRS 337.010, *et seq*.

3. The Plaintiffs join their individual claims pursuant to Rule 20(a) of the Federal Rules of Civil Procedure.  The Plaintiffs assert rights to relief arising from a series of events which comprise, for purposes of Rule 20(a), a series of transactions or occurrences with common issues of law and fact.

4. This action is brought to recover unpaid hourly and overtime compensation owed to the Plaintiffs and all current and former employees of Defendant who are similarly situated to the Plaintiffs, pursuant to the FLSA and the Kentucky Wages and Hours Act.  The Plaintiffs are or have been employed by the Defendants in Louisville, Kentucky.  The Defendants are jointly and severally liable for the damages and other relief owed to the plaintiffs and the collective and class action members.

## **PARTIES**

5. Plaintiff Paul Finney is a former employee of the Defendants in Louisville, Kentucky and currently resides in Jeffersonville, Indiana.

6. Plaintiff Chelsea Pellman is a former employee of the Defendants in Louisville, Kentucky and currently resides in Jeffersonville, Indiana.

7. Defendant The Free Enterprise System, Inc., is a foreign corporation authorized to do business in the State of Kentucky, has its principal place of business in Jeffersonville, Indiana, and it engages in interstate commerce.

8. Defendant Sodrel Truck Lines, Inc., is a corporation organized and existing under the laws of the State of Indiana, has its principal place of business in Jeffersonville, Indiana, and it engages in interstate commerce.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§ 1331 (federal question jurisdiction); and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Supplemental jurisdiction over Plaintiffs' Kentucky Wages and Hours Act claims is invoked pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## VIOLATIONS OF THE FLSA
## AND KENTUCKY WAGES AND HOURS ACT

11. Pursuant to a contract with the United Parcel Service ("UPS"), the Defendants operated a shuttle service at UPS's World Hub location in Louisville, Kentucky, for UPS's employees.  The Plaintiffs were employed as Shuttle Drivers by the Defendants.  During their employment as Shuttle Drivers, the Plaintiffs, and other similarly-situated Shuttle Drivers, consistently worked more than 40 hours per week.  However, the Plaintiffs, and other similarly-situated Shuttle Drivers, were not paid any overtime compensation for the time beyond 40 hours they were

required to work. In addition, upon information and belief, the defendants have failed to compensate Shuttle Drivers for work performed on the Defendants' behalf, and the Defendants' have engaged in similar conduct at other locations and for other clients where Free Enterprise operates a shuttle service.

12. The Defendants have intentionally and willfully failed and/or refused to compensate the named plaintiffs and other Shuttle Drivers for time worked and for the time worked in excess of 40 hours.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 12 above.

14. The Plaintiffs brings this action on their own behalf and on behalf of a class and collective action of persons similarly situated, defined as follows:

> All present and former Shuttle Drivers of The Free Enterprise System, Inc., and Sodrel Truck Lines, Inc., who were not paid overtime compensation for time worked in excess of 40 hours per week or were not compensated for time worked.

15. There are potentially numerous other similarly-situated Shuttle Drivers and former Shuttle Drivers of the defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and given the opportunity to join the present lawsuit pursuant to 29 U.S.C. § 216(b).

16. In addition, Plaintiffs bring the Kentucky Wages and Hours Act claims, KRS 337.010, *et seq.*, on behalf of themselves and the class of persons described above pursuant to Rule 23, Federal Rules of Civil Procedure.

17. The members of the Class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. Plaintiffs do not know the exact number of class members, but are informed and believes that hundreds of Shuttle Drivers have been denied overtime compensation and compensation for time worked. Plaintiffs are informed and believe that the identities of the class members may be ascertained from the files and records of the defendants and other information sources.

18. There are common questions of law and fact affecting class members, including but not limited to whether the Shuttle Drivers were improperly denied overtime compensation due to misclassification under exemptions and whether they were denied compensation for time worked. The requirements of Rule 23(a)(2) are met.

19. The claims of the representative plaintiffs are typical of the claims of the class as a whole. The Plaintiffs are members of the class and have suffered harm due to the failure of the Defendants to pay them compensation for time worked and overtime compensation for the time they worked over 40 hours per week. The requirements of Rule 23(a)(3) are met.

20. The Plaintiffs will fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4). The interests of the Plaintiffs are consistent with and not antagonistic to the interests of the class. The Plaintiffs have retained counsel experienced in prosecuting class actions and complex litigation.

21. The prosecution of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the party opposing the class and would substantially impair or impede the

interest of the other members of the class to protect their interests. Certification under Rule 23(b)(1) is appropriate.

22.     Plaintiffs are informed and believe that the Defendants have acted on grounds generally applicable to the class thereby making final injunctive relief or declaratory relief appropriate with respect to the class as a whole. Certification under Rule 23(b)(2) is appropriate.

23.     This class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties. Plaintiffs are informed and believe that the interests of members of the class in individually prosecuting a separate action is low, in that most class members would be unable to individually prosecute an action. Plaintiffs are informed and believe that the amounts at stake for individuals are sufficiently small for most or all class members such that separate suits would be impracticable, and most members of the class would not be able to find counsel to represent them. Plaintiffs are informed and believe that it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum rather than multiple courts. Certification under Fed. R. Civ. P. 23(b)(3) is appropriate.

24.     Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims that might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

25. Plaintiffs are informed and believe that the files and records of the defendants contain in computer readable format, a last known address, other identifying information for class members, and information necessary and convenient to identify class members, determine their economic damages, and prosecute this case expeditiously as a class action.

## CAUSES OF ACTION
## COUNT I

26. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 25 above.

27. By the actions alleged herein, Defendants have willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations with respect to the Plaintiffs and other similarly-situated Shuttle Drivers who are or were employed by the Defendants.

28. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly compensate the Plaintiffs and other present and former, similarly situated employees in accordance with §§ 206 and 207 of the FLSA.

29. As a result of the Defendants' violations of the FLSA, the Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive wages for hours worked and overtime wages in accordance with §§ 206 and 207 of the FLSA.

30. Defendants have not made good faith efforts to comply with the FLSA with respect to its compensation of the Plaintiffs and other similarly-situated employees.

31. As a result of the unlawful acts of Defendants, the Plaintiffs and all similarly-situated employees have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## COUNT II

32. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 37 above.

33. By its actions alleged herein, Defendants have willfully, knowingly, and/or recklessly violated the provisions of the Kentucky Wages and Hours Act, KRS 337.010 *et seq.*, and corresponding state regulations with respect to the Plaintiffs and other similarly-situated Shuttle Drivers who are or were employed by the Defendants.

34. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the Kentucky Wages and Hours Act, as detailed herein, by failing to properly compensate the Plaintiffs and other present and former, similarly situated employees in accordance with KRS 337.285.

35. As a result of Defendants' violations of the Kentucky Wages and Hours Act, the Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive wages for hours worked and overtime wages in accordance with KRS 337.272 and KRS 337.285.

36. Defendants have not made good faith efforts to comply with the Kentucky Wages and Hours Act with respect to its compensation of the Plaintiffs and other similarly-situated employees.

37. As a result of the unlawful acts of Defendants, the Plaintiffs and all similarly-situated employees have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## PRAYER FOR RELIEF

38. **WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly-situated employees, pursuant to § 216(b) of the FLSA, and the Kentucky Wages and Hours Act, pray for the following relief:

   a. That pursuant to 29 U.S.C. § 216(b), at the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed as a Shuttle Driver by the defendants. Such notice shall inform them that this action has been filed and of their right to opt into this lawsuit if they were not paid compensation for time worked and/or overtime compensation for time worked in excess of forty hours per week;

   b. Certification of a class pursuant to Rule 23 as defined above;

   c. That Plaintiffs and the class and collective action members be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or

prejudgment interest, for which the defendants are jointly and severally liable;

d. Reasonable attorneys' fees;

e. The costs and expenses of this action; and

f. Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## **JURY DEMAND**

Plaintiffs request a jury trial for all claims set forth above.

Respectfully submitted,

_____

*/s/ Matthew L. White*
Matthew L. White
FRANKLIN GRAY & WHITE
The Speed Mansion
505 W. Ormsby Avenue
Louisville, Kentucky 40203
(502) 585-2060 Telephone

Garry R. Adams
Meidinger Tower
462 South Fourth Avenue, Suite 1730
Louisville, Kentucky 40202

*Of Counsel, Pending Pro Hac Vice*
Dennis G. Pantazis
Herman N. Johnson, Jr.
WIGGINS, CHILDS, QUINN
& PANTAZIS, LLC
Attorneys for Plaintiffs
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500 Telephone

***COUNSEL FOR PLAINTIFFS***