UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAUL FINNEY, CHELSEA PELLMAN,                                                          PLAINTIFFS
& all others similarly situated

v.                                                                         CIVIL ACTION NO. 3:08-CV-383-S

THE FREE ENTERPRISE SYSTEM, INC.                                                       DEFENDANTS
& SODREL TRUCK LINES, INC.

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of plaintiffs Paul Finney ("Finney") and Chelsea Pellman ("Pellman") (hereinafter collectively, ("Plaintiffs") for court-supervised notice to putative collective action members (DN 6). Defendants The Free Enterprise System, Inc. ("Free Enterprise") and Sodrel Truck Lines ("Sodrel") (hereinafter collectively, "Defendants") have responded (DN 12), and Plaintiffs have replied (DN 15). For the reasons that follow, Plaintiffs' motion will be conditionally granted.

BACKGROUND

Plaintiffs were employed by Defendants as Shuttle Drivers at United Parcel Service's (UPS) world hub in Louisville, Kentucky.[1] Plaintiffs have brought suit under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Kentucky Wages and Hours Act, KRS 337.010, *et seq.*, alleging that Defendants failed to pay them wages and overtime compensation, and that Defendants therefore owe them unpaid wages. Plaintiffs bring this suit on their own behalf, and on behalf of

---

[1] Defendants argue that Plaintiffs never worked for Sodrel. However, Plaintiffs have offered sufficient evidence that they were, in fact, Sodrel employees. *Reply in Support of Plaintiffs' Motion*, Exhibit 1, 2007 W-2 and Earnings Summary, Earnings Statement, Determination of Eligibility. There is no reason why this collective action may not be certified against Sodrel; moreover, Defendants' argument that Plaintiffs cannot be similarly situated to Sodrel employees as a matter of course, fails.

others "similarly situated," pursuant to 29 U.S.C. § 216(b). Plaintiffs' Complaint also seeks certification of a class action pursuant to the Kentucky Wages and Hours Act.

FLSA specifically provides for collective actions, and explains an "opt-in" procedure, as follows:

> An action to recover the liability [for violations of FLSA's minimum wage and overtime provisions] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. 29 U.S.C. § 216(b).

Plaintiffs argue that court-supervised notice should be sent to "all present and former Shuttle Drivers of [Defendants] who were not paid overtime compensation for time worked in excess of 40 hours per week or were not compensated for time worked." *Complaint*, ¶ 14.[2] Plaintiffs ask this court to order Defendants to produce a mailing list for discovery of the names and addresses of those persons similarly situated. Plaintiffs have tendered a proposed notice and consent form. *Motion to Notice Putative Collective Action*, Exhibit 1, Proposed Notice.

Defendants argue that court-supervised notice is not appropriate because Plaintiffs are not similarly situated to the persons in their proposed class. Defendants argue that because Plaintiffs have not worked for Defendants since March and April of 2007, respectively, they are not similarly situated to present employees of Defendants. Defendants also argue that Plaintiffs are not similarly situated to Shuttle Drivers employed outside of UPS, in Louisville; Defendants argue that each of

---

[2] Under FLSA, the statute of limitations provides that claims such as these must be brought within three years. 29 U.S.C. § 255. Therefore, it is appropriate that notice only be sent to those former Shuttle Drivers who were employed by Defendants since July 21, 2005, or three years prior to the filing of this action.

their three "shuttle" businesses – the others being at Eli Lilly in Indianapolis; and from Valparaiso, Indiana to Chicago – are operated separately and distinctly.

Defendants argue that if any collective action notice is used, it should be limited to "former UPS WorldHub Shuttle Drivers of Free Enterprise whose employment terminated on or before April 2007, when Pellman was terminated." *Defendants' Memorandum in Opposition to Plaintiffs' Motion*, pp. 7-8. Defendants also dispute some of the contents of Plaintiffs' proposed notice and consent form.

The court has jurisdiction of this action under 28 U.S.C. §§ 1331; Section 16(b) of FLSA, 29 U.S.C. § 216(b); and 28 U.S.C. § 1367(a).

## DISCUSSION

A district court has the authority to facilitate timely notice regarding FLSA collective litigation if it finds that there are other employees who may desire to opt-in and who are "similarly situated" with respect to the job requirements and pay provisions. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id.* at 172.

The Sixth Circuit has explained that courts generally adopt a two-stage approach for determining whether putative collective action members are similarly situated and therefore deserving of a collective action certification under § 216(b). *Comer v. Wal-mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). At the first stage, "[the] plaintiff must show only that his position is similar, not identical, to the positions held by the putative class members." *Id.* at 546-47. The initial decision regarding notice "is made using a fairly lenient standard, and typically results in conditional

certification of a representative class." *Id.* at 547 (citation omitted). After any potential plaintiffs have chosen to opt-in, courts then subject the claims to more rigorous review in order to determine if the plaintiffs are indeed similarly situated. *Id.* at 547.

Under the lenient standard applicable here, the allegations and declarations before the court have shown that all present and former "UPS Shuttle Drivers" during the period beginning three years prior to the filing of this action are sufficiently similar to Plaintiffs to warrant notice being sent to them as prospective class members. Plaintiffs have submitted declarations stating that they worked more than 40 hours per week without being paid overtime compensation, and that they observed other UPS Shuttle Drivers who worked and were paid in the same manner. *Plaintiffs' Memorandum in Support of Plaintiffs' Motion*, Exhibit 1, Declaration of Paul Finney, ¶¶ 5-6; Exhibit 2, Declaration of Chelsea Pellman, ¶¶ 5-6. Defendants have presented no evidence to the contrary that the job requirements and overtime compensation practices for present UPS Shuttle Drivers are somehow different.

However, the court cannot find that the "similarly situated" criteria is met as to Shuttle Drivers employed by Defendants outside of UPS. Plaintiffs have failed to make specific allegations regarding overtime compensation practices for Shuttle Drivers outside of UPS. Plaintiffs' declarations do not state first-hand knowledge of these practices occurring outside of UPS. There have been no declarations submitted by Shuttle Drivers outside of UPS. Some evidence is required to support Plaintiffs' allegations that Shuttle Drivers outside of UPS are similarly situated; however, Plaintiffs have produced none. *See Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 868 (S.D. Ohio, 2005). Plaintiffs have failed to show that Shuttle Drivers employed by Defendants outside of UPS are potential plaintiffs entitled to notice of this litigation. *See also Bernard v. Household*

*Intern., Inc.*, 231 F.Supp.2d 433, 435-36 (E.D. Va. 2002).

Therefore, the court will conditionally grant Plaintiffs' request for court-supervised notice to putative collective action members, with the limitations noted above. To ensure that the class members receive timely notice, the court will order Defendants to provide to Plaintiffs the names and last known mailing address for all UPS Shuttle Drivers employed by Defendants since July 21, 2005. Defendants shall produce this information to Plaintiffs in a computerized data file.

Plaintiffs' proposed notice and consent form shall be amended to refer to "Shuttle Drivers" rather than "Drivers"; notice shall be limited to all present and former UPS Shuttle Drivers employed by Defendants since July 21, 2005; and all claim forms shall be sent to the court. The remaining form and substance of Plaintiffs' proposed notice and consent form is sufficient.

**IT IS HEREBY ORDERED** that Plaintiffs' motion for court-supervised notice to putative collective action members is **CONDITIONALLY GRANTED.** In compliance with the order, Defendants are **ORDERED** to provide discovery of potential opt-in members as explained above within twenty-one (21) days, and Plaintiffs are **ORDERED** to amend their proposed notice and consent form as explained above.