UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAUL FINNEY, *et al.*                                                                                                          PLAINTIFFS

v.                                                  CIVIL ACTION NO. 3:08-CV-383-S

THE FREE ENTERPRISE SYSTEM, INC., *et al.*                         DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on the motion of defendants The Free Enterprise System and Sodrel Truck Lines, Inc. for partial summary judgment (DN 69). Plaintiffs have responded (DN 79) and the defendants have replied (DN 82). For the reasons set forth herein, defendants' motion will be **DENIED**.

This case is a collective action brought by individuals who were employed as shuttle drivers at United Parcel Service's WorldHub facility in Louisville. The plaintiffs claim that the defendants failed to pay them wages and overtime, and that such failure violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Kentucky Wages and Hours Act, KRS § 337.010 *et seq*. The defendants now seek summary judgment on the claims of four plaintiffs: Theodore Jackson, Kristy Mathis Jackson, Danny Williams, and Stephen Cates. These four plaintiffs have previously filed for bankruptcy, but did not identify their claims in this matter as assets in their bankruptcy filings. The defendants argue that these plaintiffs' claims are therefore precluded by the doctrine of judicial estoppel.

**I. Summary Judgment Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact arises when there is "sufficient evidence on which the jury could reasonably find for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1985). The disputed issue need not be resolved conclusively in favor of the non-moving party, but that party must present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). The evidence presented must be construed in the light most favorable to the non-moving party. *Blakeman v. Mead Containers*, 779 F.2d 1146, 1150 (6th Cir. 1985).

## II. Judicial Estoppel

The doctrine of judicial estoppel "bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding, where the court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). The Sixth Circuit has held that judicial estoppel may warrant the dismissal of a plaintiff's claim if the plaintiff fails to disclose the existence of the claim to the bankruptcy court. *See id.* at 898. However, "judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002). When determining whether the conduct was the result of mistake or inadvertence, the court considers whether "(1) [plaintiff] lacked knowledge of the factual basis of the undisclosed claims; (2) [plaintiff] had a motive for concealment; and (3) the

evidence indicates an absence of bad faith." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010). "Judicial estoppel is an equitable doctrine to be invoked by [the] court at its discretion," *Pennycuff v. Fentress Cnty. Bd. of Educ.*, 404 F.3d 447, 453 (6th Cir. 2005), and "should be applied with caution to 'avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.'" *Eubanks*, 385 F.3d at 897 (quoting *Teledy*ne, 911 F.2d at 1218).

**III. Application to Plaintiffs' Claims**

    **A. Theodore Jackson**

Theodore Jackson worked for Free Enterprise from October 20, 2003 to October 17, 2005. Jackson joined this action by filing an opt-in form with the court on June 12, 2009. With the assistance of counsel, Jackson filed for Chapter 13 bankruptcy on September 30, 2009. Jackson did not disclose his claim in this action in the statement of financial affairs enclosed with his bankruptcy petition, and did not include the claim on the accounting of personal property that accompanied his petition. However, he did disclose a collection action to which he was a defendant. Jackson's Chapter 13 plan was confirmed on December 10, 2009. On August 19, 2010 – approximately three weeks after the defendants filed the instant motion for summary judgment – Jackson amended his bankruptcy petition to reflect his claim in this action. Jackson has stated in an affidavit that he did not know until receiving notice of the defendants' motion that he was required to list his claim in his bankruptcy schedule. Jackson Aff. (DN 79-1) at ¶ 7. Jackson has stated that he "did not intentionally omit reference to the lawsuit or try to hide it," but "simply did not know it was supposed to have been listed," and his bankruptcy attorney did not tell him otherwise. *Id.*

Jackson does not contest that he took a position contrary to the one he is asserting in this matter when he failed to disclose his claim to the bankruptcy court, nor does he contest that the bankruptcy court adopted his position as a preliminary matter. However, he argues that his omission was the result of inadvertence and should therefore be excused. The defendants contend that the omission was not the result of inadvertence because Jackson had knowledge of the factual basis of his claims, had a motive to conceal them, and because Jackson has not presented sufficient evidence to show a lack of bad faith.

Because Jackson joined this suit as a party more than three months before filing for bankruptcy, the court has no trouble concluding that he was aware of the factual basis of his claims at the time of his filing. Moreover, Jackson would have had a motive to conceal his claim from the bankruptcy court. *See Lewis v. Weyerhauser Co.*, 141 Fed. App'x 420, 426 (6th Cir. 2005) ("It is always in a Chapter 13 petitioner's interest to minimize income and assets."). However, the record does not reflect bad faith on Jackson's part. Jackson has averred, under oath, that he was unaware that he needed to include the claim on his bankruptcy petition. He also acted quickly to amend his bankruptcy filings once the problem was brought to his attention.

The defendants argue that Jackson should have known that his claim in this action needed to be included in his bankruptcy filings because he employed an attorney (rather than filing for bankruptcy pro se) and because his petition for bankruptcy listed a collection claim that had been filed against him. It is true that both of these facts weigh against a finding of inadvertence. Jackson had the advice of legal counsel – who arguably should have been aware that a contingent legal claim is considered an asset – when preparing his filings. It is also evident from

the inclusion of the case in which he was a defendant that either Jackson or his attorney was aware that pending legal claims might be considered relevant by the bankruptcy court.

On the other hand, Jackson's swift amendment of his bankruptcy petition after the defendants' motion was filed tips the scales strongly in his favor. The defendants, citing *White*, argue that Jackson's amendments were "too little, too late." The defendants note that the Sixth Circuit in *White* did "not consider favorably the fact that White updated her initial filings after the motion to dismiss was filed," because to do so would "encourage gamesmanship." *White*, 617 F.3d at 481. *White,* however, is distinguishable from this case for two reasons. First, the Sixth Circuit's finding of bad faith in *White* was bolstered by other factors – such as White's decision to file her lawsuit only after her bankruptcy plan was confirmed – that led to a conclusion that White's omission was not due to inadvertence or mistake. *See id.* at 480–83. Second, even when the plaintiff in *White* amended her bankruptcy filings after the defendants filed their motion to dismiss, the amendment still did not reflect the estimated amount of her claim or whether White was the plaintiff or defendant in the lawsuit, which further indicated White's apparent desire to conceal the claim from the bankruptcy court. *Id.* at 481. The defendants do not argue, nor does the court find, evidence of such behavior here.

Because judicial estoppel, as previously noted, should be "applied with caution," *Eubanks*, 385 F.3d at 897, the court will decline to apply the doctrine here. The defendants' motion for summary judgment with respect to Jackson's claims will be denied.

**B. Kristy Mathis Jackson**

On September 7, 2010, the court entered an Agreed Order dismissing all of Kristy Mathis Jackson's claims with prejudice (DN 79). We therefore need not consider the application of judicial estoppel to her claims.

**C. Danny Williams and Stephen Cates**

Danny Williams worked for Free Enterprise from November 2002 to December 2008. Williams filed for Chapter 7 bankruptcy in October 2005, and did not include potential claims against Free Enterprise in his filings. Williams received a Chapter 7 discharge on March 15, 2006, and he joined this suit on May 13, 2009. Stephen Cates worked for Free Enterprise from August 2002 to February 2010. Cates filed for Chapter 7 bankruptcy in September 2004, and, like Williams, did not disclose any potential claims against Free Enterprise to the bankruptcy court. Cates received a Chapter 7 discharge in December 2004, and joined this suit on May 18, 2009. Neither Williams nor Cates has amended or reopened their bankruptcy cases since joining this action.

The defendants argue that the claims of Williams and Cates that accrued before their Chapter 7 discharges should be dismissed on judicial estoppel grounds. The defendants claim that Williams and Cates were aware of the basis of their legal claims against Free Enterprise when they filed for bankruptcy, and were therefore bound to disclose them to the bankruptcy court even though they were not parties to a lawsuit (and no lawsuit had been filed) at that time. As evidence of Williams' awareness, the defendants cite deposition testimony in which Williams stated that he asked two supervisors whether he was entitled to receive overtime pay; both supervisors told Williams that he was not. Williams Depo. (DN 69-6) at 44–45. As evidence of Cates' awareness, the defendants cite deposition testimony in which Cates stated that "from the

beginning" of his employment with Free Enterprise, he "didn't think it was right" that he did not receive overtime. Cates Depo. (DN 69-8) at 59.

The defendants' arguments are unconvincing. The evidence they cite shows that Williams and Cates were unhappy with their lack of overtime pay; however, Williams and Cates assert that they were informed by their supervisors that they were not entitled to overtime pay. *See* Williams Aff. (DN 79-3) ¶ 5; Cates Aff. (DN 79-5) ¶ 5. Moreover, the defendants have asserted that prospective employees were told during job interviews that they would not receive overtime pay. Def.'s Answer to Interrog. No. 4 (DN 79-4), at 7. An individual filing for bankruptcy is not bound to disclose a claim when he is unaware of his existence. *See Jackson v. Novastar Mortgage, Inc.*, 645 F. Supp. 2d 636, 644 (W.D. Tenn. 2007) (undisclosed claims that "may not be recognizable to lay persons" are not barred by judicial estoppel). At best, the defendants here have provided evidence that Williams and Cates were dissatisfied with Free Enterprise's failure to pay overtime. However, given that they were told by their employer that this failure was an acceptable practice, the mere knowledge that they were not being paid overtime does not establish that they knew of the existence of their legal claims.[1] *See Wilson v.*

---

[1]Although it is true, as the defendants point out, that litigants can be charged with knowledge of their claims before a lawsuit is filed, *see Music v. Arrowood Indem. Co.*, No. 09-98-ART, 2009 WL 4930775 (E.D. Ky. Dec. 15, 2009); *Johnston v. Matrixx Initiatives, Inc.*, No. 06-12908-BC, 2007 WL 128929 (E.D. Mich. Jan. 12, 2007), the cases the defendants cite for this proposition addressed claims substantially more developed than those of Williams and Cates. For instance, in *Music*, the plaintiff had notified his insurance company more than seven years before his bankruptcy filing that he planned to file a bad-faith lawsuit against it if the company did not defend him against the claim of another driver. *Music*, 2009 WL 4930775 at *2. *Johnston* was a products liability action in which the plaintiff claimed she had lost her senses of smell and taste as the result of cold medication. 2007 WL 128929 at *2. The plaintiff filed for bankruptcy a few months before filing a lawsuit against the medication's manufacturer. *Id*. A United States Magistrate Judge rejected the plaintiff's arguments that she was unaware of the factual basis of her claim during the pendency of her bankruptcy proceedings because of evidence that the plaintiff had purchased and used the medication for approximately two years before her bankruptcy filing. *Id*. This made it unlikely that
continue...

*Guardian Angel Nursing, Inc.*, No. 3:07-0069, 2009 WL 790107 (M.D. Tenn. Mar. 24, 2009) (declining to apply judicial estoppel to claims of plaintiffs who worked in excess of 40 hours per week without overtime pay, but who were required to sign documentation that they were not entitled to overtime).

Because Williams and Cates cannot be charged with having known of their claims at the time they filed for bankruptcy, the defendants' motion to limit their claims on judicial estoppel grounds will be denied.

A separate order will issue in accordance with this opinion.


```
 Dated:   3/29/2011


                                        ENTERED BY ORDER OF COURT:
                                        CHARLES R. SIMPSON III, JUDGE
                                        UNITED STATES DISTRICT COURT
                                           VANESSA L. ARMSTRONG, CLERK
                                        By   Nadine C. Smith, Deputy Clerk

 Copies to counsel
```

---

[1]...continue
her claim could have accrued in the few months between her bankruptcy filing and her lawsuit against the manufacturer.